## JOHN KOWATCH v. PITTSBURGH CONSTRUCTION COMPANY.[1]

June 25, 1915.

Nos. 19,233—(148).

**Injury to servant — unsafe place to work.**

1. The evidence justified a verdict for the plaintiff for personal injuries upon the theory that the defendant directed the plaintiff to leave the place in which he was working, it having become temporarily dangerous because of the moving of machinery in the natural progress of the work, and afterwards, and while it was still dangerous, directed him to re-enter, telling him the place was then safe.

**Release — fraud.**

2. The evidence is *held* insufficient to sustain a finding that a release was procured by fraud.

Action in the district court for Hennepin county to recover $5,000 for injuries received while in the employ of defendant. The case was tried before Molyneaux, J., and a jury which returned a verdict for $500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Barrows, Stewart & Ordway,* for appellant.
*Donald G. Hughes,* for respondent.

DIBELL, C.

This action was brought by the plaintiff to recover damages sustained while in the employ of the Pittsburgh Construction Co. then engaged in the building of the Union Depot at Minneapolis. There was a verdict for the plaintiff and the defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. The plaintiff was engaged in the concrete work.

[1] Reported in 153 N. W. 326.

In the course of the construction it became necessary to move an engine and derrick. This made the place where the plaintiff was at work dangerous. The engineer instructed him to step away from the region of danger. This he did. Later a foreman, of competent authority, asked him where he was working. He told him and the foreman directed him to return, saying that the place was then safe. It was not. He went back and soon a short rope which fastened the pulley to a beam broke and the cable came down and the plaintiff was injured. What we have related is very briefly the story of the plaintiff and, if believed, as properly it might be, the jury were easily justified in finding negligence in the defendant.

2. The troublesome question is whether the plaintiff made a valid release of his cause of action.

He was injured on July 28, 1913. After his injury he was in the hospital for a few days but was soon able to be up and around. Apparently his hospital attendance was cared for by the defendant. He signed a formal release on August 15, 1913, and received $50. No actual fraud was practised. The settlement was made in St. Paul. Before coming to St. Paul and on the day of the settlement, the plaintiff had a talk with Mensinger, the superintendent of construction in charge. Mensinger asked him what he wanted and he said: "I want my wages for three weeks and a half." The plaintiff suggested that it might be too late to make a settlement, evidently referring to an attempted commencement of suit a few days before but ineffective because of a failure to acquire jurisdiction. Mensinger thought not. They took the car to St. Paul and went to the office of the defendant's counsel. The plaintiff reiterated the amount of his claim.

When papers were being prepared an employee of the plaintiff's attorney came into the office and served the summons and complaint. He had seen Mensinger and the plaintiff at the Union Depot in Minneapolis and came to St. Paul and reached there before the settlement was completed. They continued with the settlement and plaintiff took the money. He asked counsel for the defendant if he must give one-half to his attorney, and was told that he need not. He told his fellow-workmen afterwards what he had done and talked about keep-

ing all of the money. He says at one time that he understood the settlement and again he denies that he did. Against the release is the plaintiff's statement, made two or three times, that he did not know he was releasing the defendant but supposed he was releasing the Great Northern. So far as can be gathered from the record, it does not appear that he ever made a claim against the Great Northern but always made a claim against his employer. Against a suggestion that he thought the purpose was to release the Great Northern is his constantly reiterated claim that he wanted pay for three and one-half weeks. He knew for whom he was working. The plaintiff did not speak well and some of the record is entirely unintelligible.

This court has gone to great lengths in permitting an injured workman to escape from the results of a settlement into which he has been induced to enter by fraud or overreaching. The court insists, as much as ever, that settlements, to be effective, must be entered into fairly and must be free of all fraud or overreaching. This case asks us to go much farther than any prior one. The plaintiff at the same time affirms and contradicts the suggestion that he settled with his employer. Perhaps the confusion may be cleared up on another trial. The opportunity should be given. The verdict cannot stand.

Order reversed.